**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                                    Case No. 83-60469[1]

v.                                                  Hon. Denise Page Hood

PAUL DOUGLAS MOMNEY,

       Defendant.
_____/

## ORDER DENYING REQUEST FOR EXPUNGEMENT

This matter is before the Court on Defendant Paul Douglas Momney's Request for Expungement of his criminal case. On January 10, 1984, Momney entered a plea of guilty on two counts of conspiracy to distribute cocaine. (Doc. No. 1, Pg ID 5) On April 12, 1984, pursuant to the Federal Youth Corrections Act ("FYCA"), 18 U.S.C. § 5010(a), Momney was sentenced to three years of probation, with the first 120 days served at a community treatment center. (Doc. No. 1, Pg ID 5) The FYCA provided that a conviction may be set aside fo long as the offender avoided additional contact with the criminal justice system during the term of probation. 18 U.S.C. § 5010(a). On March 10, 1987, an Order and Certificate of Vacation of Conviction was entered. (Doc. No. 1, Pg ID 6)

---

      [1]Defendant was sentenced by the late United States District Judge Thomas J. Thornton.

Momney now seeks expungement of his criminal record. Momney currently owns a small business involving custom travel cases. Momney works with pro hockey teams in Canada and the United States and his business is now starting to get work from all levels of sports teams that travel. Momney claims that if his criminal record is expunged, it would help him get new accounts and do more work with sports teams that go on the road.

The Government filed a response opposing the request, arguing that the Court lacks jurisdiction to grant Momney's request to expunge his criminal record.

The court must first determine whether it has jurisdiction over a matter. Federal courts are tribunals of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). They may only hear cases that invoke an independent basis of federal subject matter jurisdiction. *United States v. Field,* 756 F.3d 911, 914 (6th Cir. 2014). Federal courts are also permitted to entertain claims or incidental proceedings that do not satisfy the requirements of an independent basis of subject matter. *Id.* "Supplemental" or "pendant" jurisdiction applies to claims asserted in a *pending* federal-court case and allowed under 28 U.S.C. § 1367. *Id.* "Ancillary" jurisdiction applies to *related* proceedings that are technically separate from the initial case that invoked the original federal subject-matter jurisdiction and is governed by case law. *Id.*

As to expungement, federal statutes expressly permit federal courts to expunge criminal records in limited areas, such as 18 U.S.C. § 3607(c) which permits expungement of criminal records in certain cases involving drug possession. Another area where expungement is allowed involves DNA records where a court overturns a military conviction, 10 U.S.C. § 1565(e). Expungement of FBI DNA records in certain cases when a conviction is overturned, 42 U.S.C. § 14132(d), is also allowed.

The Federal Youth Corrections Act, 18 U.S.C. § 5010(a), provides that youthful offenders who are sentenced to probation may have their convictions automatically "set aside" where the district court grants an unconditional discharge from probation "prior to the expiration of the maximum period of probation ... fixed by the court." 18 U.S.C. § 5021(b) (1972). It also gives a district court limited jurisdiction to exercise its discretion retroactively to grant an early unconditional discharge and to set aside a conviction after the completion of the probationary period. *See*, *Tuten v. United States*, 460 U.S. 460, 668 (1983). However, the FYCA contains no provision for expungement of the record of conviction after it has been set aside and the certificate required by Section 5021(b) has been issued. *See United States v. Doe,* 556 F.2d 391, 392 (6h Cir. 1977). The Sixth Circuit noted that the district court had conferred the full benefits of the FYCA, including vacating the conviction and issuing a certificate indicating such. *Id.* at 393. The Sixth Circuit further noted that

"Congress could easily have provided for expungement in the FYCA it had so intended." *Id.*

In *Doe,* the Sixth Circuit, in affirming the district court's denial of the expungement of the defendant's criminal records, stated in *dicta* that federal courts have "inherent equitable powers ... to order the expungement of a [criminal] record in an appropriate case." *Id.* at 393. Since *Doe,* the Sixth Circuit has ruled that a district court's *ancillary* jurisdiction to expunge records of unlawful convictions or arrests is limited. *Field,* 756 F.3d at 915. Where there is no statutorily-grounded permission to expunge, a federal court may assert ancillary jurisdiction to expunge criminal records. *Id.* (citing, *United States v. Carey,* 602 F.3d 738, 740 (6th Cir. 2010) ("An order on a motion to expunge a conviction is within the equitable jurisdiction of the federal district court.")) However, the ambit of ancillary jurisdiction to hear motions to expunge is limited. *Id.* Federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations, such as motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities. *Id.* (citing, *United States v. Lucido,* 612 F.3d 871, 874 (6th Cir. 2010)). Ancillary jurisdiction over such motions does not enable a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* (quoting *Kokkonen v. Guardian*

4

*Life Ins. Co. of Am.,* 511 U.S. 375, 380 (1994)).

Courts have not granted expungement based on the inability to obtain employment, to legally possess a firearm, or to become a lawful citizen of the United States, even though a defendant has attained many accomplishments since conviction and has lived a law abiding life. *See United States v. Saah,* 2007 WL 734984 (E.D. Mich. Mar. 8, 2007); *United States v. Ursery,* 2007 WL 1975038 (E.D. Mich. Jul. 2, 2007); *United States v. Lind,* 2006 WL 2087726 (E.D. Mich. Jul. 25, 2006).

Based on Momney's request, it appears he has been a law-abiding and productive citizen since his conviction. While the Court understands Momney's desire to have his record expunged, Momney's situation does not support the expungement of his criminal record. The Court does not have ancillary jurisdiction to order expungement of Momney's criminal record.

Accordingly,

IT IS ORDERED that Defendant Paul Douglas Momney's Request for Expungement of his criminal record (**Doc. No. 2**) is DENIED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: September 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2017, by electronic and/or ordinary mail.

                                       S/LaShawn R. Saulsberry
                                       Case Manager